IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAULETTE AUSTIN,

       Plaintiff,

v.                                                                Case No.:     17-cv-5277

LOCKHEED MARTIN CORPORATION,                Hon. Paul S. Diamond
et al.,

       Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LOCKHEED MARTIN CORPORATION'S <u>MOTION TO DISMISS</u>

## I.     INTRODUCTION

Plaintiff Paulette Austin's *pro se* Complaint has numerous defects requiring dismissal.  First, the Court lacks subject matter jurisdiction over Ms. Austin's claims.  Ms. Austin fails to plead or identify any federal question, and both Ms. Austin and Defendant Montgomery County Bureau of Organization are citizens of Pennsylvania, which precludes diversity jurisdiction.

Second, even assuming the Court had jurisdiction, any claims against Lockheed Martin fail because Ms. Austin does not allege that Lockheed Martin took any action that harmed her.  Ms. Austin mentions Lockheed Martin only once

in the Complaint, alleging that "Lockheed Martin Train[s] Law enforcement on the patents," (DE 1 at 4), and she does not tie that allegation to any colorable claim. The Court should dismiss the Complaint with prejudice.

## II.    FACTUAL BACKGROUND

Ms. Austin filed the Complaint on November 15, 2017, naming Lockheed Martin and the Montgomery County Bureau of Organization as defendants.  (DE 1.)  She alleges that the "Montgomery County Bureau of Organization had used electronic surveillance" on her "since Sept[ember] 2010–present," (DE 1 at 3), and that the surveillance "[s]abotage[d] my home, vehicle property."  (*Id.*)  Ms. Austin alleges that the electronic surveillance "was inten[ded] to drive [her] insane."  (*Id.* at 4.)  She claims that it caused her "emotional distress[,]" and that she "went to therapy" afterward.  (*Id.* at 3, 4.)

After raising these allegations about surveillance, the Complaint acknowledges that there is "[n]o evidence" and "no proof this occurs."  (*Id.*)  Ms. Austin attaches medical records showing that she received medical treatment for approximately six days in August 2012 (*Id.* at 6–7) and on five occasions between September and November 2012.  (*Id.* at 8.)[1]  Ms. Austin seeks $500 million in damages.  (*Id.* at 4.)

---

[1] Out of respect for Ms. Austin's privacy, Lockheed Martin is contemporaneously filing a motion suggesting that the Court seal the medical records Ms. Austin

The Complaint does not include any allegations against Lockheed Martin in the "Facts" portion of the *pro se* form.  The only allegation anywhere within the Complaint pertaining to Lockheed Martin appears in the "Injuries" section and states:  "Lockheed Martin Training Law enforcement on the patents[.]"  (*Id.* at 4.)

## III.   ANALYSIS

### A.   The Court Lacks Subject Matter Jurisdiction.

The Court lacks subject matter jurisdiction over Ms. Austin's claims.  Under the diversity statute, 28 U.S.C. § 1332, the parties must be *completely* diverse to confer subject matter jurisdiction.  *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant.").  Ms. Austin states that she is a citizen of Pennsylvania, (DE 1 at 3, 4), and alleges that Defendant Montgomery County Bureau of Organization is also a citizen of Pennsylvania.  (*Id.* at 3.)  Because there is not complete diversity among the parties, diversity jurisdiction does not exist.

There is also no federal question at issue.  The Complaint leaves the "federal question" area blank and does not allege a federal question or cause of action.  (DE 1 at 2.)  To the extent Ms. Austin's factual allegations suggest potential federal issues, the Complaint fails to state a claim under any federal statute.  Accordingly,

---

attached to her Complaint.  To avoid the need to redact or seal this memorandum, Lockheed Martin will make only general references to those records.

3

even under the more lenient pleading standard applied to *pro se* complaints, Ms. Austin's allegations do not establish subject matter jurisdiction. *See Shahin v. Del. Fed. Credit Union*, 602 F. App'x 50, 53 (3d Cir. 2015) (holding that a *pro se* plaintiff who "failed to specify which federal statute . . . was the basis for her claim . . . failed to establish federal question jurisdiction"); *Turner v. Spaley*, 501 F. App'x 101, 103 (3d Cir. 2012) (affirming dismissal of a *pro se* complaint for lack of federal question jurisdiction when the plaintiff failed to state a cognizable federal claim).

Because the Complaint does not allege a basis for subject matter jurisdiction, the Court must dismiss Ms. Austin's claims under Rule 12(b)(1).

**B.  The Complaint Fails To State A Claim Against Lockheed Martin.**

Even if the Court had jurisdiction, the Complaint fails to state a claim and should be dismissed under Rule 12(b)(6).  Although courts hold *pro se* pleadings to "'less stringent standards than formal pleadings drafted by lawyers,'" a *pro se* complaint must still have "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Fantone v. Latini*, 780 F.3d 184, 193 (3d. Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  Thus, the Rule 8 plausibility standard applies to the Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)) ("Rule [8(a)(2)] does call for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'").

The Complaint fails to allege any plausible claim against Lockheed Martin. The only mention of Lockheed Martin is an allegation that it trained law enforcement in unspecified ways on unidentified patents. (DE 1 at 4.)  Ms. Austin does not allege any facts suggesting a plausible connection between any Lockheed Martin technology and any surveillance of her, and she does not allege any causal connection—plausible or otherwise—between Lockheed Martin's purported training and the harm she allegedly suffered.[2]

If Ms. Austin has tried to assert a claim for intentional infliction of emotional distress ("IIED"), she has not alleged facts necessary to support it.  IIED occurs when a person (1) through "extreme and outrageous conduct," (2) "intentionally or recklessly," (3) causes "severe emotional distress to another." *Hoy v. Angelone*, 720 A.2d 745, 753 (Pa. 1998) (citation omitted).  Ms. Austin

---

[2] Foreseeability and proximate causation are cardinal principles of tort law, and Ms. Austin's lone allegation against Lockheed Martin fails to establish that she is a foreseeable plaintiff or that Lockheed Martin's alleged training was the proximate cause of any alleged harm.  *See, e.g.*, *Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 162 N.E. 99 (1928).  "When an injury is indirect, remote, and many steps away from the alleged cause, it is unadvisable to allow a case to proceed." *Allegheny Gen. Hosp. v. Philip Morris*, 228 F.3d 429, 445 (3d Cir. 2000) (affirming dismissal of a lawsuit brought by a hospital seeking to hold tobacco companies liable for patients' non-payment of medical expenses incurred as a result of smoking-related illnesses).

alleges that law enforcement—not Lockheed Martin—committed the alleged wrongdoing, precluding her from establishing any of these essential elements.[3]

If Ms. Austin has tried to assert a claim for Negligent Infliction of Emotional Distress ("NIED"), her allegations are likewise insufficient.  Stating an NIED claim under Pennsylvania law requires, among other elements, allegations that: (1) the defendant had a contractual or fiduciary relationship with the plaintiff; (2) the plaintiff suffered a physical impact; (3) the plaintiff was in a "zone of danger" and at risk of an immediate physical injury; or (4) the plaintiff had a contemporaneous perception of tortious injury to a close relative.  *Toney v. Chester Cnty. Hosp.*, 614 Pa. 98, 102 (Pa. 2011).  The Complaint does not allege any of these facts.[4]

Ms. Austin also does not state any plausible claim under federal law.  Even if the Complaint had effectively asserted federal question jurisdiction, Ms. Austin's allegations are missing critical elements to support a federal claim.  Ms. Austin cannot allege a claim against Lockheed Martin under 42 U.S.C. § 1983 because

---

[3] Even if she had alleged that Lockheed Martin carried out the alleged surveillance, which she has not, surveillance is not "outrageous" for purposes of an IIED claim. *See Forster v. Manchester*, 189 A.2d 147 (Pa. 1963) (concluding that surveillance did not give rise to an IIED claim).

[4] Ms. Austin alleges that her mother suffered a heart attack, (DE 1 at 3), but this is not sufficient to support an NIED claim under element (4) above—also known as "bystander liability," *Toney*, 36 A.3d at 89 n.8,—because Ms. Austin does not allege that she suffered emotional distress due to witnessing her mother's heart attack.  (*See* DE 1 at 3.)  Instead, she alleges that the electronic surveillance made her distressed, that her distress made her mother distressed, and that her mother "suffered a heart attack the next day." ( *Id.*)

6

Lockheed Martin is not a state actor.  *See Kach v. Hose*, 589 F.3d 626, 646 (3d. Cir. 2009) ("[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor.").  And even if Ms. Austin could plead that Lockheed Martin were a state actor, there still would be no § 1983 claim because the Complaint does not allege that Lockheed Martin deprived Ms. Austin of anything or conducted any surveillance at all.  For that same reason, the Complaint does not allege a plausible claim against Lockheed Martin under any of the federal surveillance statutes.  *See, e.g.*, 50 U.S.C. § 1810 (providing a right of action for a violation of the Foreign Intelligence Surveillance Act); 18 U.S.C. § 2520 (providing a right of action for a violation of the Electronic Communications Privacy Act); 18 U.S.C. § 2707 (providing a right of action for a violation of the Stored Communications Act).

Ms. Austin also states that she will be unable to demonstrate that the defendants caused her alleged harm, conceding that she has "no proof" and "no evidence" of a connection between the alleged electronic surveillance and the alleged psychological harm that prompted her Complaint.  (DE 1 at 4.)  The medical records Ms. Austin attaches to her Complaint provide further evidence of the absence of any plausible connection between the alleged surveillance and the alleged harm; they suggest that her condition may be pre-existing.  (DE 1 at 6–7.)  Because there are no alleged facts connecting any conduct by the defendants to the

alleged harm, the Complaint fails to state a claim for relief. *See Williams v. Beard*, No. 3:CV-10-979, 2012 U.S. Dist. LEXIS 17784, at *9 (M.D. Pa. Feb. 13, 2012) (concluding that, because the plaintiff "acknowledges that he has no evidence" of defendants' involvement in the alleged conduct, the plaintiff did "not satisfy the pleading requirements" required by Rule 12(b)(6)).

## III.   CONCLUSION

For the foregoing reasons, Defendant Lockheed Martin Corporation respectfully requests that the Court grant its motion to dismiss and dismiss the Complaint with prejudice under Rules 12(b)(1) and 12(b)(6).

Dated:  January 2, 2018                     Respectfully submitted,

/s/ Joshua M. Link
Joshua M. Link, Esq.
Pa. Attorney No. 311695
Dinsmore & Shohl LLP
1200 Liberty Ridge Drive, Suite 310
Wayne, PA 19087
(610) 408-6020 phone / (610) 408-6021 fax
joshua.link@dinsmore.com

*Counsel for Defendant Lockheed Martin Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record by operation of the Court's CM/ECF system and by U.S. Mail, postage prepaid, on this 2nd day of January, 2018, upon:

Ms. Paulette Austin
757 Haws Avenue
Norristown, PA 19401

*Plaintiff*

/s/ Joshua M. Link
Joshua M. Link, Esq.
*Counsel for Defendant Lockheed Martin Corporation*

9